**UNITED STATES STEEL CORP., Republic Steel Corp., et al., Plaintiffs,**

v.

**UNITED STATES, et al., Defendants,**

and

**Companhia Siderurgica Paulista (Cosipa) and Usinas Siderurgicas De Minas Gerais (Usiminas), Defendants-Intervenors.**

Court No. 82–10–01361.

United States Court of International Trade.

Dec. 20, 1982.

Cravath, Swaine & Moore, New York City (Joseph R. Sahid, New York City, of counsel), and the Law Dept. of U.S. Steel (D.B. King, Pittsburgh, Pa., of counsel), for plaintiffs.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., David M. Cohen, Director, Commercial Litigation Branch, Velta A. Melnbrencis, New York City, and Francis J. Sailer, Commercial Litigation Branch, Washington, D.C., for federal defendants.

Arter, Hadden & Hemmendinger, Washington, D.C. (Wilham H. Barringer and Arthur J. Lafave III, Washington, D.C., of counsel), for defendants-intervenors.

## MEMORANDUM OPINION AND ORDER

WATSON, Judge:

Plaintiffs have moved for an order declaring the scope of review of this action.

The action was commenced under Section 516A(a)(2) of the Tariff Act of 1930 (19 U.S.C. § 1516a(a)(2)) to challenge a determination by the International Trade Administration of the Department of Commerce (ITA), under Section 704 of the Tariff Act of 1930 (19 U.S.C. § 1671c) that the countervailing duty investigation of carbon steel plate from Brazil should be suspended. The suspension was based on an agreement between the Department of Commerce and Brazil that the latter would offset, by means of an export tax, the entire amount of benefits found to have been conferred by subsidies. The suspension determination was published at 47 Fed.Reg. 39394.

The government apparently takes the extreme position that this review is limited to a review of the determination that the government of Brazil actually agreed to offset completely the amount of the net subsidy. The government is willing to go so far as to say that in the process, the Court may review all relevant underlying factual findings and legal conclusions, but, if this is taken to mean those matters underlying the determination of the fact that Brazil made an agreement, it is difficult to see what substance there is to this gesture. The government does not even concede that the review covers two other matters stated as requirements for suspension of this investigation, namely, that the suspension be in the public interest, and that effective monitoring of the agreement on which it is based is practicable. The flimsy support for this position is evidently the fact that the latter two requirements are stated in a subparagraph of 19 U.S.C. § 1671c which is separate from the subparagraph in which the basic authority to suspend an investigation is stated. The argument is absurd and not worthy of discussion.

The Brazilian intervenors are somewhat more realistic. They are willing to concede judicial review of three issues; conformity to the suspension/notice procedures, the practicability of monitoring the underlying agreement, and whether Commerce has made a determination that suspension is in the public interest.

Plaintiffs contend that the statute gives them a right to contest any factual finding or legal conclusion upon which the determination to suspend the investigation is based. This is taken to include any determination as to the *existence* of subsidies and any determination as to the *amount* of subsidies, all of which enter into the determination that a given agreement will completely offset the subsidies.

Plaintiffs have the correct concept of the judicial review provided in this action.

19 U.S.C. § 1516a(a)(2)(A) expressly provides that "an interested party ... may commence an action in the United States Court of International Trade ... contesting any factual findings or legal conclusions upon which the determination is based." The determination to suspend an investigation is one of the determinations referred to immediately thereafter and it is noteworthy that it is placed in the same category as various important final determinations.

Moreover, it is significant that the standard of review stated in 19 U.S.C. § 5116a(b) is not the "arbitrary, capricious or abuse of discretion" one might expect if this were a less consequential and essentially preliminary determination in nature, but rather the more intrusive and demanding standard which calls for the existence of substantial evidence. That standard is not needed for the parody of judicial review contemplated by the government, or the essentially procedural review conceded by the intervenors.

For immediate practical purposes, suspension is the end of the investigation and was treated as such by Congress. For that reason it was grouped with other final determinations and subjected to a requirement that the decision to suspend be supported by substantial evidence. It is ingenuous to argue, as does the government, that the mere *existence* of an agreement by a foreign government is the only factual and legal basis of such a drastic determination and virtually the only matter for judicial review.

The true basis of a determination to suspend is not simply that assurances of off-

sets are given, but rather that there are identifiable subsidies and amounts which have to be offset and, if offset, will justify an end to the investigation.

The intervenors raise the point that it is sufficient to have an apparent elimination of the subsidies to the extent that they have been determined in a preliminary way. They argue that the existence and extent of subsidies can be the subject of further administrative proceedings when, as here, a party requests a continuation of the investigation under Section 704(g) of the Act (19 U.S.C. § 1671c(g)). This leads to an argument that plaintiffs must first exhaust their administrative remedies on the question of the existence and amount of subsidies.

Exhaustion of remedies is a useful principle and its application to actions in this Court is specifically expressed in 28 U.S.C. § 2637. However, it is a doctrine which is always subject to considerations of appropriateness; and its use depends on an understanding of the particular administrative scheme involved. *McKart v. United States,* 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1968). It is certainly not superior to a specific provision for judicial review of a given determination. For example, the fact that the existence of a subsidy may be further considered on the administrative level does not interfere with judicial review (under 19 U.S.C. § 1516a(a)(1)(B)(ii)) of a preliminary determination by the ITA that a subsidy is *not* being provided under 19 U.S.C. § 1671b(b). In certain instances Congress has allowed a degree of parallelism in the judicial and administrative proceedings and in those instances the latter should not restrict the former.

Aside from the direct and controlling statutory reasons, which are alone sufficient for the scope of this judicial review, there are other considerations.

If the ITA determination involves a decision that a certain practice is not a subsidy at all, then that decision would ordinarily be judicially reviewable as a wholly negative determination within the reasoning of *Republic Steel v. United States,* —— CIT

—— (Slip Op. 82–55, July 15, 1982). In the context of a suspension of the investigation, there is even more reason to review the decision that a certain practice is not a subsidy. Not only is it a negative determination, but if it is not in accordance with the law, it means that the agreement by the foreign government cannot offset completely the amount of the net subsidy.

Moreover, the effect of the suspension of the investigation is to end the suspension of liquidations of the products under investigation. 19 U.S.C. § 1671c(f)(2)(A). This creates an interim period of vulnerability, which the Court has previously indicated is the precise reason for judicial review of such determinations. *Republic Steel, supra.* In fact, the potential vulnerability is even greater here because there is no suspension of liquidation at all, and the government is taking the position, rightly or wrongly, that there is no time limit on the final determination (although it states that the ITA has advised that a final determination is expected by January 15, 1983). In short, the continuation of the investigation lacks the potency needed to make it a meaningful alternative to judicial review.

For these reasons, the Court holds that judicial review of a determination to suspend an investigation reaches all determinations of fact and law embodied in the preliminary determination to which it relates. All those determinations are subject to judicial review against the standard of whether they are supported by substantial evidence or are otherwise in accordance with the law.